[Cite as *State v. Smith*, 2026-Ohio-2233.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.  L-26-00049 |
| Appellee | Trial Court No.  CR0202402390 |
| v. | |
| Kenan Smith, Jr. | **DECISION AND JUDGMENT** |
| Appellant | Decided: June 12, 2026 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Kenan Smith, Jr., pro se, appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appellant Kenan Smith Jr.'s pro-se appeal

from the February 3, 2026 judgment of the Lucas County Common Pleas Court as well as

Smith's motion requesting a specific remand.  Because the State has conceded error, and

we agree that the trial court erred, we reverse and remand.  His motion for a specific

remand is denied.

## Assignments of Error

### First Assignment of Error

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN DENYING APPELLANT'S PETITION FOR POSTCONVICTION RELIEF FOR REASONS CONTRARY TO LAW, DEPRIVING THE APPELLANT [OF] PROCEDURAL DUE PROCESS.

### Second Assignment of Error

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN DENYING THE APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WITHOUT SUBMITTING ANY FINDINGS OF FACTS [sic] AND CONCLUSIONS OF LAW

### Background

{¶ 2} On July 11, 2025, Smith entered pleas of no contest to one count of involuntary manslaughter, in violation of R.C. 2903.04(A) and (C), a felony of the first degree (Count 3), one count of improperly discharging a firearm into a habitation, in violation of R.C. 2923.161(A)(1) and (C), a felony of the second degree (Count 10), and one count of discharge of a firearm on or near a prohibited premises, in violation of R.C. 2923.162(A)(3) and (C)(4), a felony of the first degree (Count 11).  On July 30, 2025, Smith was sentenced to a minimum prison term of 10 years and a maximum prison term of 15 years for Count 3, 7 years for Count 10 and 9 years for Count 11, to be served consecutively to each other, and consecutive to a sentence in Lucas County case No. CR22-1912, for an aggregate sentence of a minimum of 28 years and a maximum of 33 years.

2.

**{¶ 3}** Smith appealed his sentence on August 5, 2025, in case No. L-25-00180. He then filed a pro-se Petition to Vacate and/or Set Aside Sentence in the trial court on January 16, 2026. The trial court denied Smith's petition, noting Smith's appeal and then stating, "Upon review of the record of appeal, it appears that this matter remains pending in the Court of Appeals, therefore, this Court has no jurisdiction to rule on the instant motion."

**{¶ 4}** Smith appealed.

## Appeal

**{¶ 5}** In his first assignment of error, Smith argues that the trial court erred in finding that it lacked jurisdiction to consider his petition for postconviction relief. In support, Smith cites to *State v. Orr*, 2010-Ohio-366 (8th Dist.) and *State v. Vasquez*, 2013-Ohio-4087 (6th Dist.). The State has conceded error. We agree. R.C. 2953.21(D) specifically provides that a trial court "shall consider a petition that is timely filed within the period specified in division (A)(2) of this section even if a direct appeal of the judgment is pending." As Smith's petition was timely filed, R.C. 2953.21(D) confers jurisdiction on the trial court to consider his petition. *See Vasquez* at ¶ 9. The trial court's finding to the contrary is error.

**{¶ 6}** We therefore find Smith's first assignment of error well-taken and his second assignment of error moot.[1]

---

[1] While we have found the second assignment of error moot, a trial court is required to issue findings of fact and conclusions of law when denying a timely filed petition for post-conviction relief. R.C. 2953.21(D) and (H).

3.

**Motion for Specific Remand**

{¶ 7} Smith requests that, in our remand, we "issue a remand . . . which allows no leeway for [the State] to litigate an answer or response to [Smith's] petition for postconviction relief" as any response would be untimely. He made a similar objection in his reply brief in support of his appeal. The issue of whether the State is entitled to file a response is not before this court, and we take no position on the matter. Therefore, we find this motion not well-taken and it is denied.

**Conclusion**

{¶ 8} The judgment of the Lucas County Court of Common Pleas is reversed. We remand for consideration of Smith's Petition to Vacate and/or Set Aside Sentence. Pursuant to App.R. 24, the State is hereby ordered to pay the costs incurred on appeal.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Christine E. Mayle, J. _____

_____
JUDGE

Gene A. Zmuda, J. _____

Myron C. Duhart, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.